**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN - 8 2009

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| ANTHONY LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09 1056 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff purports to bring an "independent action in equity" under Rule 60(b)(3) of the Federal Rules of Civil Procedure "seeking to vacate a judgment obtained by way of fraud, fraudulent concealment, and criminal acts committed by officers of the court." Compl. at 1. Generally, plaintiff alleges that he was wrongfully convicted in and sentenced by the United States District Court for the Middle District of Florida based on "illegally and unlawfully intercepted telephone communications" and other evidence "obtained by way of fabricated search warrants." *Id.* at 3. Plaintiff represents that the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on direct appeal, and that his attempts to attack his conviction collaterally have been unsuccessful. *Id.* at 4; *see In re Anthony Lewis*, No. 8:09-cv-376-T-33EAJ, 2009 WL 580352, at *2 (M.D. Fla. Mar. 5, 2009) (listing the motions

plaintiff has filed under 28 U.S.C. § 2255 and habeas petitions filed under 28 U.S.C. § 2241). He is serving a sentence of life imprisonment without parole. *Id.* at 3.

In essence, plaintiff's pleading amounts to a collateral attack on the allegedly illegal criminal conviction and sentence. Any such attempt to vacate, set aside or correct his conviction and sentence must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *See, e.g., Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). The United States District Court for the Middle District of Florida convicted and sentenced plaintiff, and his complaint will be dismissed because a collateral attack on the conviction and sentence is not properly before this Court. *See, e.g., Hughley v. Dewalt*, No. 04-5013, 2004 WL 1749188, at *1 (D.C. Cir. Aug. 4, 2004) (per curiam) (concluding that "[t]he district court did not abuse its discretion in denying appellant's Rule 60(b) motion . . . as appellant must challenge any conviction from the District Court for the Eastern District of Tennessee through a § 2255 motion filed in that court"); *Davis v. United States*, No. 08-1728, 2008 WL 4891187, at *1 (D.D.C. Nov. 13, 2008) (dismissing complaint because it "present[ed] a collateral attack on his conviction and sentence which properly is raised 'by motion pursuant to 28 U.S.C. § 2255 in the sentencing court; or, if the § 2255 remedy is inadequate or ineffective, by a habeas petition under 28 U.S.C. § 2241 in the judicial district where appellant's custodian is located.'"); *Fouche v. Mukasey*, No. 08-0374, 2008 WL 576986, at *1 (D.D.C. Feb. 29, 2008) (dismissing complaint brought under Rule 60(b)(4), which authorizes the court to relieve a party from a final judgment that is void, where the party challenges a federal conviction and sentence), *aff'd*, No. 08-5067, 2008 WL 4569958, at *1 (D.C. Cir. Sept. 5, 2008) (per curiam). Moreover, plaintiff "may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to

criminal proceedings." *Fouche*, 2008 WL 4569958, at *1.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 29 May 2009